IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY, INC.,<br>30339 Diamond Parkway #102<br>Glenwillow, Ohio 44139<br><br>    Plaintiff,<br><br>  v.<br><br>SMARTECH PRODUCTS, INC.,<br>9012A Old Dominion Drive<br>McLean, Virginia 22102<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff The NOCO Company, Inc. ("NOCO"), by and through the undersigned counsel, claims as follows:

## THE PARTIES

1. Plaintiff NOCO is an Ohio corporation with its principle place of business located in Glenwillow, Ohio.

2. Defendant Smartech Products, Inc. is, on information and belief, a Virginia corporation with its principle place of business in McLean, Virginia. On information and belief, Defendant manufacturers, imports, sells and offers for sale an Accused Product identified as the IC-750 smarter™ battery maintainer for charging and maintaining the electrical charge in vehicle batteries.

1

## JURISDICTION AND VENUE

3. This is an action for trade mark infringement, trade dress infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, as amended, and deceptive trade practices under the laws of Ohio and the several states in which Defendant is conducting the infringing activities.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and/or 28 U.S.C. § 1332(a)(1). This Court also has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because it has at least advertised and sold the accused product in and into this district and, on information and belief, engaged in other infringing activities related to the Accused Product in or directed towards this district, and/or caused tortious injury in this state and district, including but not limited to by acts outside Ohio committed with the purpose of injuring persons when it might reasonably have expected that some person would be injured in Ohio. For example, NOCO's counsel recently purchased the Accused Device from The Home Depot and picked up the Accused Device within this district at a store in Avon, Ohio. Similarly, NOCO's counsel also recently purchased the Accused Device directly from Defendant and received delivery within this district in Bay Village, Ohio.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides within this judicial district, and because a substantial part of the acts giving rise to the claims asserted herein took place and continue to take place in this district.

## FACTUAL BACKGROUND

7. NOCO was founded in 1914 and has been continuously managed and owned by the same family. NOCO designs and creates, among other products, premium consumer battery

chargers, jump starters and other portable power devices used primarily in the automotive and marine industries.

8. Since at least 2009, NOCO has used a distinctive housing featuring a raised ribbed design with corner elements ("Ribbed Housing Trade Dress") for several of its automotive and marine power products. Examples of NOCO products featuring the Ribbed Housing Trade Dress include:



9. NOCO products incorporating the Ribbed Housing Trade Dress have been and are available through online retailers, such as Amazon.com, as well as through major retail

establishments around the country, including NAPA, Home Depot, Sears, Wal-Mart, and AutoZone.

10. NOCO has invested substantial efforts and dollars promoting the Ribbed Housing Trade Dress, and developing, advertising and promoting products bearing the Ribbed Housing Trade Dress, including on the Internet and in print advertisements, point-of-purchase promotions and trade shows. As a result of consistent and exclusive use of the Ribbed Housing Trade Dress, wide-spread advertising and promotion, and extensive sales, NOCO developed substantial consumer recognition and valuable goodwill in the Ribbed Housing Trade Dress, and the public and consumers recognize the Ribbed Housing Trade Dress as a source identifier for NOCO's products and assume that goods bearing the Ribbed Housing Trade Dress come from NOCO and will be of the high quality and reliability for which NOCO's products are known. Examples of advertisements featuring the Ribbed Housing Trade Dress are attached as Exhibit 1.

11. In addition to its common law rights in the Ribbed Housing Trade Dress, NOCO has been awarded a federal trademark registration, Reg. No. 4,762,738, by the United States Patent and Trademark Office for ribbed housing design for use on "[b]attery chargers, solar battery chargers, power inverters, electric power converters, and charge controllers." A copy of the Certificate of Registration for Reg. No. 4,762,738 is attached as Exhibit 2.

12. NOCO also has used other distinctive features for several of its automotive and marine power products, including: a red, black and white color palette with a black background with red and white lettering; and the product name prominently featured in lower case, white lettering. NOCO uses a distinctive arrangement of these features, along with the Ribbed Housing Trade Dress, and other distinctive iconography, lighting and control features ("NOCO Trade Dress").

13. NOCO has invested substantial efforts and dollars promoting the NOCO Trade Dress, and developing, advertising and promoting products bearing the NOCO Trade Dress, including on the Internet and in print advertisements, point-of-purchase promotions and trade shows. As a result of consistent and exclusive use of the NOCO Trade Dress, wide-spread advertising and promotion, and extensive sales, NOCO developed substantial consumer recognition and valuable goodwill in the NOCO Trade Dress, and the public and consumers recognize the NOCO Trade Dress as a source identifier for NOCO's products and assume that goods bearing the NOCO Trade Dress come from NOCO and will be of the high quality and reliability for which NOCO's products are known. The Accused Product improperly utilizes the NOCO Trade Dress and appears confusingly similar to NOCO products. For example, the respective 0.75 amp maintainers:



| NOCO's 0.75amp Maintainer | Defendant's 0.75amp Maintainer |

14. NOCO is also the owner of various trademarks directed to GENIUS or including SMART for battery chargers, maintainers, and related products. In addition to its common law rights to the standard character and stylized versions of GENIUS ("NOCO Trademarks"), NOCO has been awarded federal trademark registrations by the United States Patent and Trademark Office ("NOCO Registered Trademarks"), including the following whose registrations are attached collectively as Exhibit 3:

| U.S. REGISTRATION NO. | REGISTERED MARK |
|---|---|
| 5,303,090 | NOCO GENIUS® |
| 4,644,688 | NOCO GENIUS® |
| 3,779,305 | NOCO GENIUS® |
| 4,151,035 | NOW THAT'S SMART… WICKED SMART® |

15. NOCO has invested substantial efforts and dollars promoting the NOCO Trademarks and NOCO Registered Trademarks, and developing, advertising and promoting products bearing the same, including on the Internet and in print advertisements, point-of-purchase promotions and trade shows. As a result of consistent and exclusive use of the NOCO Trademarks and NOCO Registered Trademarks, wide-spread advertising and promotion, and extensive sales, NOCO developed substantial consumer recognition and valuable goodwill in the NOCO Trademarks and NOCO Registered Trademarks, and the public and consumers recognize the NOCO Trademarks and NOCO Registered Trademarks as a source identifier for NOCO's products and assume that goods bearing the NOCO Trademarks and NOCO Registered Trademarks come from NOCO and will be of the high quality and reliability for which NOCO's products are known. The Accused Product improperly utilizes the mark "smarter" to appear confusingly similar to and dilute the NOCO Trademarks and NOCO Registered Trademarks.

16. Defendant's misuse of the Ribbed Housing Trade Dress, the NOCO Trade Dress, the NOCO Trademarks, and the NOCO Registered Trademarks has caused injury to NOCO.

**Defendant's Willful and Continued Infringement of NOCO Rights**

17. Defendant's misuse of NOCO rights has been willful and intentional and, on information and belief, Defendant's Accused Product was designed to mimic NOCO's products and to incorporate NOCO's distinctive design elements and trademarks.

18. On or about September 14, 2018, Defendant received a letter from NOCO's counsel advising it of NOCO's rights and the infringing nature of the Accused Product. Despite NOCO's demand that infringing activities cease, Defendant has refused to stop advertising or selling the Accused Product.

## FIRST CLAIM FOR RELIEF

### Trade Dress Infringement and Unfair Competition
### Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)

19. NOCO repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

20. NOCO is the owner of the Ribbed Housing Trade Dress for use in connection with "battery chargers, solar battery chargers, power inverters, electric power converters, and charge controllers."

21. As exemplified below, Defendant is making unauthorized use of NOCO's Ribbed Housing Trade Dress and is likely to cause confusion or to cause mistake or to deceive in violation of 15 U.S.C. §§ 1114 and 1125(a), by creating the false and misleading impression that the Accused Product is affiliated, connected, or associated with NOCO or has NOCO's sponsorship, endorsement, or approval. Unless enjoined by this Court, Defendant will continue to cause a likelihood of confusion and deception of the consuming public and injury to NOCO's goodwill and reputation, as symbolized by the Ribbed Housing Trade Dress.



| NOCO's Trade Dress, Reg. 4,762,738 | Defendant's 0.75amp Maintainer |

22. NOCO has been injured by Defendant's actions, and NOCO has been and will continue to be irreparably damaged by such actions and NOCO has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Trade Dress Dilution
### Lanham Act, 15 U.S.C. § 1125(c)

23. NOCO repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

24. NOCO is the owner of the Ribbed Housing Trade Dress for use in connection with "battery chargers, solar battery chargers, power inverters, electric power converters, and charge controllers." NOCO's Ribbed Housing Trade Dress is nonfunctional, distinctive, and famous. On information and belief, Defendant's use of the Ribbed Housing Trade Dress commenced subsequent to NOCO's Ribbed Housing Trade Dress becoming famous.

25. As exemplified above, Defendant is making unauthorized use of NOCO's Ribbed Housing Trade Dress and is likely to cause dilution by blurring or dilution by tarnishment in violation of 15 U.S.C. § 1125(c).

8

26. NOCO has been injured by Defendant's actions, and NOCO has been and will continue to be irreparably damaged by such actions and NOCO has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Trade Dress Infringement and Unfair Competition
### Lanham Act, 15 U.S.C. § 1125(a)

27. NOCO repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

28. NOCO is the owner of the NOCO Trade Dress. The NOCO Trade Dress is nonfunctional and has acquired secondary meaning.

29. Defendant's Accused Product is confusingly similar to the NOCO Trade Dress. As exemplified below, Defendant is making unauthorized use of the NOCO Trade Dress and is likely to cause confusion or to cause mistake or to deceive in violation of 15 U.S.C. § 1125(a), by creating the false and misleading impression that the Accused Product is affiliated, connected, or associated with NOCO or has NOCO's sponsorship, endorsement, or approval. Unless enjoined by this Court, Defendant will continue to cause a likelihood of confusion and deception of the consuming public and injury to NOCO's goodwill and reputation as symbolized by the NOCO Trade Dress.



| NOCO's 0.75amp Maintainer | Defendant's 0.75amp Maintainer |

30. NOCO has been injured by Defendant's actions, and NOCO has been and will continue to be irreparably damaged by Defendant's actions and NOCO has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Trademark Infringement and Unfair Competition
### Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)

31. NOCO repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

32. On information and belief, Defendant has engaged in the advertising, offering for sale, and sale of the Accused Product in interstate commerce and/or in commerce affecting interstate commerce.

33. Defendant's use of "smarter" as a mark in connection with the advertising, offering for sale, and sale of the Accused Product has been without the permission or authority of NOCO.

34. Defendant's continued use of "smarter" as a mark in connection with the advertising, offering for sale, and sale of the Accused Product has been with full knowledge of NOCO's rights in and to the NOCO Registered Trademarks. Such acts are without NOCO's authority or consent, are intended to, have, and are likely to continue to confuse consumers and members of the trade as to the source of the Accused Product and to falsely suggest a connection or association between NOCO and Defendant.

35. Defendant's unlawful activities have resulted and will continue to result in irreparable harm and injury to NOCO, in that, among other things, Defendant deceives the relevant consuming public as to the origin of and sponsorship or association between NOCO and

Defendant; Defendant deprives NOCO of control over the nature and quality of services associated with the NOCO Registered Trademarks; Defendant injures NOCO's relationships with its customers; and Defendant wrongfully trades and capitalizes upon NOCO's reputation and goodwill and the commercial value.

36. NOCO owns the NOCO Registered Trademarks, which were used and registered before Defendant commenced use of "smarter" in the United States.

37. Defendant's use of "smarter" as alleged herein constitutes the use in commerce of a reproduction, copy, substantially indistinguishable, and colorable imitation of the NOCO Registered Trademarks in connection with the advertising, offering for sale, and sale of the Accused Products, which use is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of the Accused Product.

38. NOCO has no adequate remedy at law. Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of "smarter," NOCO will continue to suffer irreparable harm in the form of, inter alia, loss of control over the goodwill associated with the NOCO Registered Trademarks. Accordingly, NOCO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its officers, agents, and employees, and all other persons acting in concert with them, from engaging in any further such acts of trademark infringement in violation of the Lanham Act.

39. Pursuant to 15 U.S.C. § 1117(a), NOCO is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits, and advantages that Defendant has obtained as a result of its wrongful conduct. At present, NOCO is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

40. Defendant's conduct makes this an exceptional case under 15 U.S.C. § 1117(a), and thus, NOCO is entitled to an award of reasonable attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF

**Trademark Dilution**
**Lanham Act, 15 U.S.C. § 1125(c)**

41. NOCO repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

42. NOCO is the owner of the NOCO Registered Trademarks which are nonfunctional, distinctive, and famous. On information and belief, Defendant's use of the mark "smarter" commenced subsequent to the NOCO Registered Trademarks becoming famous.

43. As exemplified above, Defendant is making unauthorized use of the NOCO Registered Trademarks and is likely to cause dilution by blurring or dilution by tarnishment in violation of 15 U.S.C. § 1125(c).

44. NOCO has been injured by Defendant's actions, and NOCO has been and will continue to be irreparably damaged by Defendant's actions and NOCO has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

**Trademark Infringement and Unfair Competition**
**Lanham Act, 15 U.S.C. § 1125(a)**

45. NOCO repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

46. NOCO is the owner of the NOCO Trademarks, which were used nationally before Defendant commenced use of "smarter" in the United States.

47. Defendant's continued use of "smarter" as a mark in connection with the advertising, offering for sale, and sale of the Accused Product has been with full knowledge of

NOCO's rights in and to the NOCO Trademarks. Such acts are without NOCO's authority or consent, are intended to, have, and are likely to continue to confuse consumers and members of the trade as to the source of the Accused Product and to falsely suggest a connection or association between NOCO and Defendant.

48. Defendant's unlawful activities have resulted and will continue to result in irreparable harm and injury to NOCO, in that, among other things, Defendant deceives the relevant consuming public as to the origin of and sponsorship or association between NOCO and Defendant; Defendant deprives NOCO of control over the nature and quality of services associated with the NOCO Trademarks; Defendant injures NOCO's relationships with its customers; and Defendant wrongfully trades and capitalizes upon NOCO's reputation and goodwill and the commercial value.

49. Defendant's use of "smarter" as alleged herein constitutes the use in commerce of a reproduction, copy, substantially indistinguishable, and colorable imitation of the NOCO Trademarks in connection with the advertising, offering for sale, and sale of the Accused Products, which use is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of the Accused Product.

50. NOCO has no adequate remedy at law. Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of "smarter," NOCO will continue to suffer irreparable harm in the form of, inter alia, loss of control over the goodwill associated with the NOCO Trademarks.

51. Pursuant to 15 U.S.C. § 1117(a), NOCO is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits, and advantages that Defendant has obtained as a result of its wrongful conduct. At present,

NOCO is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

52. Defendant's conduct makes this an exceptional case under 15 U.S.C. § 1117(a), and thus, NOCO is entitled to an award of reasonable attorneys' fees and costs.

53. NOCO has been injured by Defendant's actions, and NOCO has been and will continue to be irreparably damaged by Defendant's actions and NOCO has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

**Deceptive Trade Practices**
**Ohio Rev. Code § 4165.01–4165.04**

54. NOCO repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

55. NOCO is the owner of the registered Ribbed Housing Trade Dress and the NOCO Trade Dress. Defendant is making unauthorized use of the Ribbed Housing Trade Dress and/or the NOCO Trade Dress that is likely to cause confusion or to cause mistake or to deceive in violation of Ohio Rev. Code § 4165.01–4165.04 and the statutes of the various states in which Defendant has sold its Accused Product. Specifically, Defendant has passed off its goods as those of NOCO, caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of its goods, and caused a likelihood of confusion as to affiliation, connection, or association of its goods with those of NOCO.

56. Defendant's acts constitute deceptive trade practices in violation of Ohio statutory law, Ohio Rev. Code § 4165.01–4165.04, and the laws of the states in which Defendant is conducting its activities, entitling NOCO to obtain injunctive relief and damages.

**PRAYER FOR RELIEF**

WHEREFORE, NOCO prays for a judgment as follows:

1. That Defendant and all persons in active concert or participation with it, be preliminarily and then permanently restrained and enjoined from:

   a. Using the Ribbed Housing Trade Dress and NOCO Trade Dress, or any trade dress that is confusingly similar thereto, on or in connection with the manufacturing, distribution, advertisement, offering for sale, or sale of any goods or services, specifically including but not limited to battery chargers, solar battery chargers, power inverters, electric power converters, and charge controllers; and

   b. Otherwise competing unfairly with NOCO.

2. That Defendant be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court or NOCO's counsel for destruction or disposition all labels, boxes, signage, prints, packages, wrappers, receptacles, advertisements, and copies of websites in hard copy and computer readable form, bearing any of the designations whose use is enjoined under the injunctions prayed for herein, and all plates, molds, matrices, and other means of making the same;

3. A seizure order directing the United States Marshals Service, assisted by one or more attorneys or representatives of NOCO, to seize all materials subject to the injunctions and/or destruction orders prayed for herein;

4. That Defendant, pursuant to 15 U.S.C. § 1117, pay NOCO damages sustained by NOCO as a result of Defendant's infringement, and that the amount be enhanced according to the circumstances of the case;

5. That Defendant, pursuant to 15 U.S.C. § 1117, pay NOCO damages sustained by NOCO as a result of Defendant's unfair competition, and that the amount be enhanced according to the circumstances of the case;

6. That Defendant, pursuant to 15 U.S.C. § 1117, pay NOCO its reasonable attorneys' fees and costs;

7. That Defendant, pursuant to 15 U.S.C. § 1117, pay NOCO its reasonable attorneys' fees and costs and up to three times the amount award to NOCO under 15 U.S.C. § 1117;

8. That Defendant be ordered to pay NOCO any other damages as allowable by federal or state law, including without limitation, the cost of corrective marketing and advertising NOCO will necessarily need to employ to address the inevitable consumer confusion caused by Defendant's unlawful acts; and

9. That NOCO be granted such other and further relief as the Court may deem just and proper.

Dated: November 30, 2018

RENNER OTTO

*/s/ Kyle B. Fleming*
Kyle B. Fleming (0064644)
Mark C. Johnson (0072625)
Nicholas J. Gingo (0083684)
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115 U.S.A.
T: +1.216.621.1113
F: +1.216.621.6165
kfleming@rennerotto.com
mjohnson@rennerotto.com
ngingo@rennerotto.com